# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

Lyle W. Cayce
Clerk

No. 11-50950
c/w No. 11-50960
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONRADO MINORA-ESCARCEGA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-144-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Conrado Minora-Escarcega (Minora) challenges (1) the sentence imposed following his conviction for being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326 and (2) the sentence imposed following the revocation of a prior term of supervised release. As to the former, Minora argues that the 30-month sentence of imprisonment was unreasonable because it failed to account for his personal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history. He contends that his alcoholism accounts for much of his criminal history, which includes several convictions for driving while intoxicated (DWI). Minora argues that the sentence overemphasizes moral culpability given that he makes poor choices due to his addiction.

As Minora acknowledges, his failure to object to the reasonableness of the sentence in the district court results in plain error review. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007). He contends, however, that Peltier was wrongly decided and that, given his request in the district court for a sentence at the bottom of the guideline range, no further objection was necessary to preserve his reasonableness challenge. Peltier, which remains controlling precedent in this circuit, forecloses this argument, which he raises to preserve the issue for further review.

To show the requisite plain error, Minora must demonstrate a clear or obvious forfeited error that affected his substantial rights. See Puckett v. United States, 556 U.S. 129, 135 (2009). This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. Id.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir. 2008). Minora, again preserving an issue for further review, argues that the presumption should not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically grounded. As Minora concedes, his challenge to the application of the presumption of reasonableness is foreclosed. See United States v. Duarte, 569 F.3d 528, 529-30 (5th Cir. 2009).

A defendant's mere belief that the mitigating factors presented for the court's consideration at sentencing should have been balanced differently does not suffice to disturb the presumption of reasonableness. See United States v.

Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008). The district court determined that there was a need to protect the public from further crimes by Minora in view of his numerous DWI convictions, several of which had resulted in traffic accidents, and his willingness to illegally reenter the United States. Minora advances no persuasive reason for this court to disturb the district court's choice of sentence. He has not rebutted the presumption of reasonableness. See United States v. Cooks, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has not shown plain error. See Puckett, 556 U.S. at 135.

Minora also challenges the reasonableness of the consecutive 24-month revocation sentence imposed by the district court. He argues that the sentence, which was within the advisory guideline range, see U.S.S.G. § 7B1.4(a), was plainly unreasonable given that his illegal reentry offense was nonviolent and did not indicate that he posed a danger to the public. He again asserts that his substance abuse problem explains the majority of his criminal history, and he contends that there was no need for the district court to structure its revocation sentence to deter him from returning to the United States.

Generally, we review revocation sentences under the "plainly unreasonable" standard. See United States v. Miller, 634 F.3d 841, 843 (5th Cir.), cert. denied, 132 S. Ct. 496 (2011). Minora argues that the plainly unreasonable standard should not apply and seeks to preserve the issue for further review. Because Minora failed to object to any aspect of his revocation sentence, this court's review is for plain error. See United States v. Whitelaw, 580 F.3d 256, 259-60 (5th Cir. 2009).

A presumption of reasonableness applies to revocation sentences that are within the advisory range. See United States v. Lopez-Velasquez, 526 F.3d 804, 809 (5th Cir. 2008). Minora fails to rebut the presumption of reasonableness and has not demonstrated plain error. See Puckett, 556 U.S. at 135.

AFFIRMED.